IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY | : | |
| | : | |
|     Plaintiff, | : | |
| v. | : | |
| | : | No. 5:11-cv-334 (CAR) |
| MONEY'S INC., GEORGE WILLIS, | : | |
| JR., NU MONEY RECORDS AND | : | |
| ENTERTAINMENT, INC., | : | |
| DEXTER MAXWELL, JR., | : | |
| DEMETRIA BROWN | : | |
| | : | |
|     Defendants. | : | |
| _____ | : | |

**ORDER ON MOTION**

Before the Court is Plaintiff Colony Insurance Company's Motion to Lift Clerk's Entry of Default [Doc. 12].  On November 18, 2011, Plaintiff moved for the Clerk to enter default as to George Willis, Jr., Money's, Inc., Nu Money Records and Entertainment, Inc., and Demetria Brown.  On November 21, 2011, the Clerk entered a default as to these Defendants.  Plaintiff now files this instant Motion requesting that the Court lift the Clerk's Entry as to Defendants George Willis, Jr., Money's, Inc., Nu Money Records and Entertainments, Inc., and Demetria Brown.

1

Rule 55(c) of the Federal Rules of Civil Procedure provides for an entry of default to be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c). The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. Equal Emp't Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). The Court has discretion in deciding whether to set aside an entry of default. Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984).

The good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation. Compania Interamericana Export-Import v. Compania Dominicana de Avacion, 88 F.3d 948, 951 (11th Cir. 1996); Heaton v. Bonacker & Leigh, 173 F.R.D. 533, 535 (M.D. Ala. 1997). The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. Compania Interamericana, 88 F.3d at 951. "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. Courts have held that a good faith procedural error is not willful and is good cause for setting aside an entry of default. See, e.g., In re Johnson, 1991 WL 11002465, Case Nos. 90-11663, 91-1068 (Bankr.S.D. Ga. Nov. 11, 1991) (finding good

cause where counsel for defendant was under an erroneous impression as to when the response time began to run).

Here, Plaintiff submits good cause to set aside the Clerk's default because Defendant filed for bankruptcy prior to Plaintiff serving process on any party. Specifically, Plaintiff served process on the defaulting Defendants on October, 14, 2011. However, unbeknownst to Plaintiff, on or about September 15, 2011, the default Defendants filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, No. 11-76893. Pursuant to 11 U.S.C. § 362(a), this case was stayed as of the filing of the bankruptcy petition on or about September 15, 2011. Because this case was stayed prior to service on any of the parties, no party's answer was due prior to the automatic stay. 11 U.S.C. § 362(a).

Under the facts in this matter, the Court finds good cause to set aside the Clerk's default entered on November 18, 2011, as to Defendants George Willis, Jr., Money's Inc., Nu Money Records and Entertainment, Inc., and Demetria Brown. Accordingly, Defendant's Motion to Lift Clerk's Entry of Default [Doc. 12] is **GRANTED**; the Clerk's Entry of Default (No Doc., 11/21/2011) is set aside. Pursuant to Plaintiff's Suggestion of Bankruptcy [Doc. 11], all proceedings against Defendants George Willis, Jr., Money's Inc., Nu Money Records and Entertainment, Inc., and

3

Demetria Brown are **STAYED** pending further Order of this Court.  This matter remains pending as to Defendant Dexter Maxwell, Jr.

   **SO ORDERED,** this  20th day of January, 2012.

                              S/  C. Ashley Royal
                              C. ASHLEY ROYAL
                              UNITED STATES DISTRICT JUDGE
   LMH

4